JUAN SUÁREZ PÉREZ, Plaintiff and Appellant, *v.* JOSÉ SUÁREZ GARCÍA, Defendant and Appellee.

No. 6604. Argued April 30, 1934.—Denied June 28, 1934.

*H. Torres Solá* for appellant. *R. Rodríguez Alberty* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Appellee prayed the dismissal of this appeal on the grounds of frivolity. The appellant objected. Thereafter both parties filed their briefs. In order to ascertain whether or not the contention of the appellant was correct we were bound to enter into the merits of the case, and as we have arrived at the conclusion that it is correct, we shall so hold, thus definitely deciding the appeal.

The complaint alleges that on June 1, 1922 the defendant leased to the plaintiff for a term of five years, renewable for five more, at a monthly rental of $80, a one story house and lot of 2466 sq. meters (*varas*). The lease executed therefor contained a clause that reads:

"Eighth: Any disagreement which may arise between the parties to this contract by reason of the construal or performance thereof will be submitted to the decision of arbitrators or amicable compounders, to be appointed one by each party, and in case these do not agree, a third one will be selected by drawing lots from a list of six names, to which list each party will appoint three names; and the parties bind themselves to abide by the decision rendered by said arbitrators or amicable compounders and said decision shall be in the nature and have the effect of a final and unappealable judgment."

It is further alleged in the complaint that the lessee did not bind himself to make the necessary repairs to preserve the property leased in a condition to fulfill the purpose to which it had been destined, and hence, that such duty remained on the lessor; that upon measuring the lot its area was 200 sq. meters short, whereupon the plaintiff requested the defendant to be present at a survey thereof, so that he would reduce the rent in proportion to the deficit, but that the defendant refused, and also refused to submit the disagreement to arbitrators, whereby the plaintiff has been damaged to an amount which he appraises at $840; that the purpose of the plaintiff in leasing the property was to erect thereon some garages for hire, but that due to the deficit in the area it was imposible for him to construct ten garages that would have rented $60 a month, whereby he has been damaged to the extent of $7,200; that the plaintiff filed an action in unlawful detainer against the defendant, which was decided by the municipal court against the present plaintiff, but that on appeal to the district court judgment was rendered in 1926 against the present defendant because said court was of opinion that it should have been submitted to arbitration; that in consequence of said suit the instant plaintiff's

reputation and credit was prejudiced to the extent of $10,000; that the defendant failed to paint part of the house leased and due to that reason the delivery of said part of the house to a sub-lessee was delayed whereby the plaintiff suffered damages to the extent of $20, and, lastly, that the plaintiff has repeatedly requested the defendant to submit all these differences to arbitration, but that the defendant has refused.

In consequence of the pleadings judgment is prayed ordering: 1, that the defendant execute the eighth clause of the contract by submitting the aforesaid differences to arbitrators that they may decide upon the damages in the manner provided in the complaint; 2, that the defendant submit these questions within ten days after notice thereof, and that if he fails to do so, that the court will appoint the arbitrators or may, at its discretion, determine the amount of damages and order the defendant to pay the plaintiff the sum of $10,060 claimed, or whatever part thereof is proved; 3, that the defendant be ordered to pay the costs, disbursements and attorney's fees, and 4, that the plaintiff be granted any other remedy compatible with the facts alleged.

The defendant requested certain particulars of the complaint stricken out and all that had been alleged in regard to the $10,000 worth of damages as an alleged prejudice to the plaintiff's good name and credit in consequence of the suit for unlawful detainer, since the action for malicious prosecution as the result of a civil action does not exist in Puerto Rico in view of what was decided by this Supreme Court in the case *López Tord & Zayas Pizarro* v. *Molina,* 38 P.R.R. 737.

The court sustained the motion, and an amended complaint was filed without the aforesaid item of $10,000.

The defendant filed another motion to strike and requested a bill of particulars. It does not appear how the first one was decided. The second one was sustained. The bill of particulars stated in regard to the deficit in the area that it was discovered by the plaintiff shortly after June,

1922; that he thought that the land missing was in the possession of the municipality whereupon he claimed it with the intervention of the defendant, and that the plaintiff, on August 3, 1926, requested the defendant to attend the survey to which the latter answered that he and the plaintiff had measured it.

On July 3, 1933, the defendant filed the following demurrers:

"1. That the complaint is ambiguous, unintelligible and uncertain.

"Because there appear in the complaint two alleged causes of action, one for damages because the defendant failed to deliver the total area of the property, and another for alleged damages suffered by the plaintiff because the defendant did not paint a certain part of the house, and both causes of action have not been separately pleaded.

"2. That the complaint does not set forth sufficient facts to constitute a cause of action, especially because the facts set forth in paragraphs 6 and 7 establish an alleged right of action that has prescribed according to Section 456 of the Civil Code (1911 ed.) in harmony with Sections 1375 and 1386 and 1869, paragraph (2) of the same legal body."

### And the court in December 1, 1933, held:

"Truly, the amended complaint has two causes of action, one that claims damages for a difference in the area of · the leased realty, and another because the lessor, who is the defendant, failed to paint certain part of the property leased in violation, according to the plaintiff who is the lessee, of the duties imposed to the lessor in the contract of lease. These are causes of action that have not been separately set forth, and this being so, the complaint is ambiguous, unintelligible or uncertain, according to Section 104 of the Code of Civil Procedure, as amended.

"The damages claimed by the plaintiff as a result of the deficit in the area of the property leased, are not recoverable, for they are remote and speculative. It is alleged that the property leased has been measured and that there is a deficit in area of 200 sq. meters. That in these 200 meters the plaintiff could have constructed certain garages that would have rented a certain amount, and that figure is multiplied by the number of years that the lessee has been in possession of the property. We have no doubt

that the said damages are speculative and that being speculative they are not recoverable, and if they are recoverable the complaint does not set forth sufficient facts to constitute a cause of action. The other right of action is for the recovery of $20.00 which are the alleged damages suffered by the plaintiff's refusal to paint a certain part of the property leased. Supposing that the defendant were bound by the contract to perform what he failed to do, the amount is for less than $500 and consequently this court did not have jurisdiction.

"The chief aim of the complaint is not that this court order the defendant to pay the alleged damages, but that he be ordered to submit to arbitration that the issue may be decided. If the complaint does not set forth sufficient facts to constitute a cause of action, as we think we have shown, then there is nothing to submit to the arbitrators, even more so where the authority of the arbitrators is merely in respect to the construction of the contract, and in no case will they have authority to determine the damages and to adjudge the guilty party to pay them.

" 'The agreement to submit to the opinion of amicable compounders established in a deed for the lease of a mine refers only to the doubts and differences that may arise in the construction thereof in regard to the execution of what was agreed therein, and is applicable to a claim for the recovery of certain sums of money for the exploitation of part of the land that was not leased.' Judgment of the Supreme Court of Spain, June 16, 1922, 156 *Jurisprudencia Civil* 210.

"For the reasons set forth the demurrers filed by the defendant are sustained, and as the complaint can not be amended, the Court shall render the corresponding judgment."

After judgment was rendered and entered the defendant took this appeal, and assigns five errors.

In the first instance he argues that the court erred in ordering the allegations in regard to the suit of unlawful detainer stricken out.

Although not expressly, he seems to admit that said facts were not sufficient to recover damages for malicious prosecution, but alleges that they were necessary to complete the right of action appearing in the complaint for the recovery of damages generally and the submission of the differences to

the arbitrators. He presents a complaint such as in his opinion could be drawn up merely setting forth therein the fact of the existence of the suit and how it was decided by the district court, striking out the request for damages. He thus anticipates the discussion of the fourth error by which he sustains that at least he should have been granted permission to amend his complaint, reducing it simply to a petition that the defendant be ordered to submit the existing differences to the decision of the arbitrators, with the imposition of costs and the adoption of any other measure by the court deemed justified under the facts alleged.

The second and third errors in the opinion of the appellant refer to those committed by the court in sustaining the demurrers. As it may be seen they should be considered together with the first and fourth assignments.

Admitting that the third one was committed, that is, that the complaint did not set forth two causes of action but only one, we are of opinion that after examining it from every angle one must conclude that it does not set forth sufficient facts to give rise to a cause of action, and, therefore, that the district court acted according to law in dismissing it and in finally deciding the case.

If no right is created in favor of the plaintiff by the facts alleged, there exists nothing to justify his prayer to the court to render judgment submitting said facts to arbitration. This appears because the complaint could have been dismissed at its inception judging strictly the petition of the plaintiff in accordance with the clause of the contract he cites construed in the light of the cases cited by the trial judge.

But analyzing the alleged facts separately to see if anything appears from them that can be submitted to arbitration, we find that the action in regard to the area of the property does not lie, or if it did, it would have prescribed.

Section 1443 of the Civil Code, 1930 ed., provides that the provisions relating to warranty contained in the title of purchase and sale, are applicable to lease contracts. And

Section 1360 of that same Code, 1930 ed., provides that in the sale of real estate made for a fixed price and not at the rate of a specified sum per unit of measure or number, the increase or decrease of the same shall not be considered, even when greater or less area or amount than that stated in the contract may be found.

In the case at bar the contract of lease was made for a lump sum and not at so much per unit. A house and lot were leased for $80 a month, and the house and lot were delivered in accordance with the boundaries set forth in the deed.

█ If the plaintiff had no right to recover for the defficiency of the 200 sq. meters, the claim for damages for the nonuser of the said 200 sq. meters evidently fails, even in the case where the damages could be recovered, which they can not herein, because as the trial court held, damages alleged to have been suffered from the possible benefits that would have been derived from certain garages they intended to erect in the said 200 sq. meters, are not recoverable because they are remote and speculative. *Muñiz* v. *Cortés*, 33 P.R.R. 276; *Delgado et al.* v. *Trujillo & Mercado*, 24 P.R.R. 456.

█ In regard to the suit for unlawful detainer the damages alleged were not recoverable. In the case of *López de Tord & Zayas Pizarro* v. *Molina*, 38 P.R.R., 737, this Court held, copying from the syllabus:

"The legislation in force here does not authorize a civil action for malicious prosecution as a consequence of a suit or civil proceeding."

In respect to the allegation of the existence of the suit merely to determine the cause of action that the resulting differences be submitted to arbitration, there is no ground because the court finally dismissed the suit for unlawful detainer, probably without right, precisely on the grounds that the case should have been submitted to arbitration rather

100

than to the courts. The plaintiff won. The defendant at bar lost. And the instant plaintiff continued enjoying the property as lessee. What else could he desire? In not taking to the arbitrators' decision the issue that the municipal court had considered on its merits and decided in his favor and that the district court did not consider on its merits, the instant defendant left the field clear to his adversary, the instant plaintiff. Hence, he has no reason to complain.

 There remains but the claim for $20 for failure to paint, which in our opinion was not sufficient for the district court to take cognizance of it, and which, furthermore, is not supported by the pleadings, since from them it does not appear with due certainty the necessity to repair, even though one were to conclude that it was incumbent on the defendant lessor to do so and that it was comprised in the general concept of repairs.

The fifth and last error assigned is in regard to the imposition of costs. What has been stated suffices to conclude that the district court was justified in ordering the plaintiff to pay them, since he without due cause, obliged the defendant to incur in them and to defend in this action.

The appeal should be dismissed as frivolous.